IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT HENRY FORD, III : <br> d/b/a ROBERT HENRY FORD III : <br> 1311 KERLIN STREET : <br> CHESTER PA, 19013 : <br> : <br> v. : <br> : <br> U.S. BANK TRUST NATIONAL : <br> ASSOCIATION, : <br> NOT IN ITS INDIVIDUAL CAPACITY BUT : <br> SOLEY AS TRUSTEE FOR LEGACY : <br> MORTGAGE ASSET TRUST 2021-GS4 : | CIVIL ACTION <br> No. 25-1678 |

**McHUGH, J.**                                                                October 6, 2025

**MEMORANDUM**

    This is an action against a bank that foreclosed on Plaintiff's home in state court. Plaintiff did not appeal his loss in state court, but rather filed a separate action to quiet title, along with five other claims. The bank removed to this Court based on diversity and now moves to dismiss. Because Plaintiff had the opportunity to litigate the controlling issues in state court, four of his claims must be dismissed under the doctrine of *res judicata*. With respect to his final two claims, Plaintiff has failed to assert facts that state a claim. I am therefore obligated to grant the motion to dismiss.

**I.  Relevant Background**

    This case arises out of a mortgage foreclosure action that Defendant U.S. Bank[1] brought against pro se Plaintiff Robert Henry Ford III in the Delaware County Court of Common Pleas,

---

[1] The full name of this entity is "U.S. Bank Trust National Association, not in its individual capacity but solely as trustee for Legacy Mortgage Asset Trust 2021-GS4." I will abbreviate it as "U.S. Bank" for simplicity.

Pennsylvania. *See U.S. Bank Trust Nat'l Ass'n v. Ford III*, No. 2023-002519 (Pa. Ct. Common Pleas 2023).[2]

Mr. Ford purchased a home located at 1313 Kerlin Street, Chester, PA 19013 in 1994. Compl. ¶¶ 3, 4.1, ECF 1-1. In 2008, a new mortgage was recorded on the property. *See* Compl. Ex. A, ECF 1-1. Between February 2017 and January 2023, this mortgage was assigned multiple times and was ultimately transferred to U.S. Bank. *Id.*

According to U.S. Bank, Mr. Ford stopped paying the mortgage in August 2021. Foreclosure Compl. ¶ 9, ECF 11-4. A Notice of Intent to Foreclose was subsequently mailed to Mr. Ford. *Id.* ¶ 10[3]; *see also* Ans. to Foreclosure Compl. ¶ 10, ECF 11-5 (Mr. Ford admitted the notice was mailed, but claims the addressee was improper). On March 22, 2023, U.S. Bank filed a mortgage foreclosure action in the Delaware County Court of Common Pleas, seeking judgment in rem. Common Pleas Dkt. No. 2023-002519, ECF 11-3 (hereinafter "State Docket"); Foreclosure Compl. at 11.

The state court granted summary judgment to U.S. Bank on August 15, 2023, entering judgment in rem in the amount of over $103,000. ECF 14-1; State Docket at 6. Mr. Ford moved for reconsideration, ECF 11-8, which the Court denied. ECF 14-2. Mr. Ford did not appeal these

---

[2] Though not included in Plaintiff's Complaint, I will take judicial notice of the court filings in the underlying foreclosure action as well as government instructions on how to fill out tax forms. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (stating that courts, when reviewing motions to dismiss, may consider "documents that are attached to or submitted with the complaint, and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, and items appearing in the record of the case.") (citation omitted). *See Shahid v. Possenti*, No. 22-1015, 2022 WL 1664363, at *2 (E.D. Pa. May 25, 2022) (McHugh, J.)

[3] In their Motion to Dismiss, Defendant purports that a Notice of Intent to Foreclose was mailed around November 2021. Mot. to Dismiss at 4, ECF 11-1. The Foreclosure Complaint is attached without any of its exhibits, *see* ECF 11-4, preventing the Court from taking notice of any documents that could verify this assertion.

orders, and the state court docket remained active until after the deed was transferred to U.S. Bank in August 2024. State Docket at 10; Compl. Ex. A; Compl. Ex. D.

After U.S. Bank received title to the property, it filled out several tax forms related to the foreclosure. In the state tax form REV-183, which is used to determine the transfer tax when properties change title, U.S. Bank claimed exemption from transfer taxes because it was a "[t]ransfer from mortgagor to a holder of a mortgage in default." Compl. Ex. D. U.S. Bank also sent a federal 1099-A tax form to Mr. Ford. Compl. Ex. C.

Mr. Ford subsequently filed suit in state court, seeking quiet title to the property and asserting a number of deficiencies with the underlying foreclosure action. The Complaint advances six grounds for relief: (1) lack of notice; (2) fraudulent appraisal; (3) improper filing and documentation; (4) adverse possession; (5) a demand for a title insurance investigation; and (6) to quiet title.

U.S. Bank removed to federal court. ECF 1. Mr. Ford has moved for summary judgment, ECF 10, and U.S. Bank has moved to dismiss the complaint, ECF 11.

**II.     Standard of Review**

Within the Third Circuit, motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are governed by the well-established standard set forth in *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Motions for summary judgments are governed by the well-established standard set forth in Federal Rule of Civil Procedure 56(a), as described by *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Because Mr. Ford is pro se, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (internal quotation omitted).

**III.    Discussion**

    **A.  Identity of the Plaintiff**

The Complaint identifies the Plaintiff as "ROBERT HENRY FORD III (Dba ROBERT HENRY FORD III)," a "registered legal business entity" that is "registered under Minnesota Chapter 333." Compl. ¶ 1.1.  In support of this allegation, the Complaint attaches a Certificate of Existence and Registration from the Minnesota Secretary of State that lists an assumed Minnesota business name of "ROBERT HENRY FORD III."  Compl. Ex. E.  Plaintiff files no articles of incorporation or other documents establishing the existence of a business entity.  "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."  *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993); *see also Simbraw, Inc. v. United States*, 367 F.2d 373, 373-74 (3d Cir. 1966).  Mr. Ford is not a barred attorney.  Therefore, if the complaint asserted actionable claims on behalf of a business entity, it would be dismissed with leave to amend through counsel.

But construing the Complaint liberally, as required with a pro se litigant, it appears to assert claims on behalf of Mr. Ford as an individual.  In that regard, a search of publicly accessible records for the parcel number referenced in Plaintiff's Complaint, ECF 1-1 at 4 ¶ 4.1, shows that the property was titled in his name personally.  The Complaint also pleads that Mr. Ford operates "as a sole proprietor with the same Tax ID issued by the SSA [Social Security Administration] that corresponds to the birth certificate."  Compl. ¶ 4.5.  I will therefore also consider the Complaint as also asserting a claim on behalf of Mr. Ford individually, who is entitled to bring this action pro se.  And the analysis set forth below applies with equal force even if Mr. Ford contends that he conducts his affairs through a legally cognizable business entity.

### B. *Res Judicata*

Defendants move to dismiss four of Plaintiff's claims on the basis that they are precluded by *res judicata*.[4]

"Claim preclusion—which some courts and commentators also call *res judicata*—protects defendants from the risk of repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." *Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021) (internal quotations omitted). Federal courts must accordingly give state court judgments preclusive effect.

For claim preclusion to apply, three elements must be met: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Marmon Coal Co. v. Dir., Off. Workers' Comp. Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation omitted). If these factors are satisfied, claim preclusion bars claims that have already been litigated in state court as well as any claims that "could have been raised in the earlier proceeding," even if those claims were not litigated. *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 276 (3d Cir. 2014) (internal quotation omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 261 (3d Cir. 2010) ("Rather than resting on the specific legal theory invoked, res judicata generally is thought to turn on the *essential similarity* of the underlying events giving rise to the various legal claims.") (internal citations omitted).

---

[4] The Third Circuit has stated that "the preferred usage of the term *res judicata* encompasses both claim and issue preclusion." *United States v. 5 Unlabeled Boxes*, 572 F.3d 169, 173-74 (3d Cir. 2009) (citing *Venuto v. Witco Corp.*, 117 F.3d 754, 758 n.5 (3d Cir. 1997)) (cleaned up). As issue preclusion is not relevant to these claims, I will use the terms *res judicata* and claim preclusion interchangeably for purposes of this memorandum.

Here, the underlying state foreclosure action involved the same parties, and the court entered a final order granting summary judgment to U.S. Bank on August 15, 2023. *See* ECF 14-1. Mr. Ford subsequently sought reconsideration, ECF 11-8, which the state court denied. ECF 14-2.

In Pennsylvania, "[a] trial court should grant summary judgment only in cases where the record contains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Bourgeois v. Snow Time, Inc.*, 242 A.3d 637, 649-50 (Pa. 2020). The trial court must draw all reasonable inferences in a light most favorable to the non-moving party, and "may grant summary judgment only where the right to such a judgment is clear and free from doubt." *Toy v. Metro. Life Ins.*, 928 A.2d 186, 195 (Pa. 2007). Therefore, an order granting summary judgment is a final decision on the merits. *See Hubicki v. ACF Indus., Inc.*, 484 F.2d 519, 524 (3d Cir. 1973) ("[T]he law is clear that summary judgment is a final judgment on the merits sufficient to raise the defense of *res judicata* in a subsequent action between the parties."); *Cooper v. Sizzlers Rest.*, No. 93-3008, 1993 WL 197060, at *1 (E.D. Pa. June 9, 1993) ("Summary judgment is a final decision on the merits satisfying the requirement of *res judicata*.").

Mr. Ford's core claims—lack of proper notice, adverse possession, quiet title,[5] and improper filing and documentation—could have been litigated in the underlying state court action as they relate to U.S. Bank's right to foreclose upon the property and compliance with foreclosure procedures. These claims are therefore precluded by *res judicata*. *See Lewis v. Citibank, N.A.*,

---

[5] Even were I to review Mr. Ford's quiet title claim on the merits, it would fail. Mr. Ford's quiet title claim is brought pursuant to 28 U.S.C. § 2409a, which applies only where the United States is a named party defendant. As Mr. Ford neither brings suit against the United States nor claims that the United States has an interest in the property, this cause of action is not cognizable.

179 F. Supp. 3d 458, 462-63 (finding that *res judicata* precludes claims that could have been litigated in an underlying state court foreclosure action, even if they were not actually litigated).

### C. Fraudulent Appraisal

Plaintiff asserts that U.S. Bank violated Pennsylvania's Uniform Fraudulent Transfer Act ("PUFTA") by reporting the value of 1313 Kerlin Street differently in the federal 1099-A tax form and the state REV-183 tax form. Compl. ¶ 5.2. This claim arises from actions that took place after the final judgment on the merits, and could not have been litigated in the state court action. This claim is therefore not barred by *res judicata*, but nonetheless it fails.

PUFTA allows creditors to void a transfer or obligation made to another party if three conditions are met: "(1) the plaintiffs are 'creditors' as defined by the statute; (2) the transfers were made with actual fraudulent intent; and (3) there are no viable defenses." *Carroll v. Stettler*, 941 F. Supp. 2d 572, 578 (E.D. Pa. 2013) (citing 12 Pa. C.S. § 5104(a)(1); *id.* § 5107(a)(1); *id.* § 5108(d)).

The Complaint fails to state a claim under PUFTA. It does not allege any facts that would establish that Mr. Ford is a "creditor" under the Act, and does not plausibly allege that any transfers of the property were made with "actual fraudulent intent."

Instead, Mr. Ford grounds his claim on the discrepancy in the property's listed value in two tax forms. The IRS requires lenders who acquire secured property to send a 1099-A form to the borrower who was foreclosed upon. *See* I.R.S. Topic No. 432, Form 1099-A (last updated June 10, 2025), available at https://perma.cc/KZ7J-A94X. Accordingly, U.S. Bank sent Mr. Ford a

1099-A tax form, which listed the "fair market value" of the property as $135,000.[6] Compl. Ex. C.

U.S. Bank also filled out a Realty Transfer Tax Statement of Value REV-183 form, whose primary purpose is to determine the state transfer tax. Compl. Ex. D. Pursuant to the REV-183 instructions,[7] U.S. Bank listed the "County Assessed Value" of the property (a number pre-determined by Delaware County) and the "Common Level Ratio Factor" (a number set by the Pennsylvania Department of Revenue), then multiplied these numbers together to get a "Computed Value" for the property of $77,017.50. *Id.*

Mr. Ford is correct that the two values on the forms are different—but that is because these numbers are calculated differently and represent distinct concepts: market value as compared to assessed value. Plaintiff fails to plausibly assert how the difference between these two values is a result of any "actual fraudulent intent" on the part of U.S. Bank. This claim must be dismissed.

### D. Title Insurance Investigation

Mr. Ford also "requests an investigation into the collection on the title insurance and its impact on property ownership and financial obligations," citing the Pennsylvania Title Insurance Act, 40 P.S. § 910-1, *et seq*. Compl. ¶ 5.5. But Plaintiff fails to plead any facts that would support a violation of the Title Insurance Act, and I can discern no legal authority empowering a court to conduct or order such an investigation. This claim must therefore be dismissed.

---

[6] The fair market value is "considered to be the proceeds of the sale" or "the appraised value of the property." I.R.S. Instructions for Forms 1099-A and 1099-C (last updated Mar. 20, 2025), available at https://perma.cc/TT7V-3TSU.

[7] The REV-183 instructions can be found at the end of a blank REV-183 form, available at https://perma.cc/35VM-GNHJ.

### E. Plaintiff's Cross-Motion for Summary Judgment

For the reasons set forth above, Mr. Ford has failed to state a claim as a matter of law. Consequently, his motion for summary judgment must be denied.

### IV. Conclusion

The loss of a house is a devastating life event, and Mr. Ford understandably seeks to preserve ownership. But he had the opportunity to litigate his defenses to the foreclosure action in state court, and cannot revive claims on which he was unsuccessful in a later federal action. Defendant's Motion to Dismiss will be granted and Plaintiff's Motion for Summary Judgment will be denied. An appropriate order follows.

    /s/ Gerald Austin McHugh
United States District Judge